UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASHLEY ANN HOLMES,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07938 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

Ashley Ann Holmes, Plaintiff Pro Se
4 Heather Road
Turnersville, NJ 08012

**SIMANDLE, Chief District Judge:**

　　1.　Plaintiff Ashley Ann Holmes seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

　　2.　28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim as to conditions of confinement. 28 U.S.C. § 1915(e)(2)(b)(ii).

### Claims Against CCCF: Dismissed With Prejudice

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

2

(3d Cir. 1996) (citing *Hafer v. Melo*, 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

    6.   Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v.*

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

*Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

7.  Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

### Conditions Of Confinement Claim - Overcrowding Allegation: Dismissed Without Prejudice

8.  For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim as to allegations of prison overcrowding. 28 U.S.C. § 1915(e)(2)(b)(ii).

9.  The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

4

10. To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

11. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12. However, with respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "Each time I was remanded in the Jail I spent the time in 7 day intake inside of a cell created to house 2 inmates with anywhere from 3-5 inmates." Complaint § III(C).

13. Plaintiff states that these events occurred: "Multiple dates over the time period 2005 - current." *Id*. § III(B).

14. Plaintiff contends that "[t]he only injuries I sustained was me falling from the top bunk and hitting the metal desk/chair." *Id*. § IV.

15. With respect to requested relief, Plaintiff seeks "to collect compensation from the Camden County Jail lawsuit regarding overcrowding of the Jail." *Id*. § V.[4]

---

[4] Given that Plaintiff expressly seeks "compensation from the Camden County Jail lawsuit" (Complaint § V), the Court advises Plaintiff that she is one of thousands of members of a certified class in the case on this Court's docket entitled, *Dittimus-Bey v. Camden County Correctional Facility*, Civil No. 05-cv-0063 (JBS), which is a class action case. The class plaintiffs are all persons confined at the CCCF, as either pretrial detainees or convicted prisoners, at any time from January 6, 2005, until the present time. The class of plaintiffs seek injunctive and declaratory relief about unconstitutional conditions of confinement at the CCCF involving overcrowding. That class action does not involve money damages for individuals. A proposed final settlement of that case, which describes the settlement in detail, was preliminarily approved on February 22,

6

16. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man,

---

2017. At present, various measures already undertaken in the Second and Third Consent Decrees under Court approval have reduced the jail population to fewer prisoners than the intended design capacity for the jail. This has greatly reduced or eliminated triple and quadruple bunking in two-person cells, as explained in the proposed Sixth and Final Consent Decree, which would continue those requirements under Court supervision for two more years. According to the Notice to all class members that was approved in the *Dittimus-Bey* case on February 22, 2017, any class member can object to the proposed settlement by filing an objection in the *Dittimus-Bey* case before April 24, 2017. A final Court hearing is set for May 23, 2017, at which any objections will be considered. If the *Dittimus-Bey* settlement is finally approved after the May 23rd hearing, Plaintiff and other class members will be barred from seeking injunctive or declaratory relief for the period of time from January 6, 2005, until the date of final approval, but the settlement does not bar any individual class member from seeking money damages in an individual case.

one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

    18.  Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end,

8

the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[5]

19.   Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[6]

### Conditions Of Confinement Claim - Allegations Of Inadequate Medical Care: Dismissed Without Prejudice

20.   There are also not enough facts for the Court to infer Plaintiff was denied adequate medical care.

21.   In order to set forth a cognizable claim for violation of the right to adequate medical care, an inmate must allege:

---

[5] The amended complaint shall be subject to screening prior to service.

[6] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to October 26, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after October 26, 2014.

(1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

22.  A mere assertion that Plaintiff was "given some paper towel[s] an hour after . . . falling from the top bunk" and was then "sent to go to medical . . two days [after] falling from the top bunk" (Complaint § IV) is insufficient to meet the pleading standard in the absence of any facts. If Plaintiff wishes to pursue this claim, Plaintiff should provide facts in an amended complaint supporting both of the requirements of a claim of inadequate medical care.

23.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended

10

complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

### Conditions Of Confinement Claim - Allegations Of Deliberate Indifference To Plaintiff's Medical Condition: Dismissed Without Prejudice

24.  Construing the Complaint to assert claims based on conditions of confinement at CCCF in connection with Plaintiff sleeping on "the top bunk" when "I was only supposed to be on the bottom bunk or floor because I was on withdrawal protocol" (Complaint § IV)), Plaintiff does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

25.  The Due Process Clause of the Fourteenth Amendment incorporates the protections of the Eighth Amendment, including the latter's "deliberate indifference" standard, such that "substantive due process rights are violated only when 'the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the conscience.'" *Callaway v. New Jersey State Police Troop A*, No. 12-5477, 2015 WL 1202533, at *4 (D.N.J. Mar, 17, 2015) (citing *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846–47, n.8 (1998)). *Accord Jacobs v. Cumberland County Dep't of Corr.*, No. 09-0133, 2010 WL 5141717, at *4 (D.N.J. Dec. 8, 2010).

11

26. Thus, in order to make out a constitutional claim in connection with the treatment a detainee receives in prison and the conditions under which she is confined, a plaintiff must show that the alleged deprivation was sufficiently serious and that the prison official acted with "deliberate indifference to inmate health and safety." *Gause v. Diguglielmo*, 339 F. App'x 132, 134 (3d Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "'[D]eliberate indifference' is 'the equivalent of recklessly disregarding [a] risk' of serious harm to the prisoner." *Ibid.* (quoting *Farmer*, 511 U.S. at 836). Here, Plaintiff's contentions that she "was told I had to be on the top bunk because the person on the bottom was too heavy and had bad knees" (Complaint § IV) do not allege the requisite "deliberate indifference" for constitutional violation purposes.

## Conclusion

27. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to claims made against CCJ; and (2) dismissed without prejudice for failure to state a claim as to conditions of confinement. 28 U.S.C. § 1915(e)(2)(b)(ii).

28. An appropriate order follows.

**March 27, 2017**               **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 Chief U.S. District Judge